WILLIAM WHITEHEAD, *Appellee*, V. THE MISSOURI,
KANSAS & TEXAS RAILWAY COMPANY, *Appellant*.

No. 16,513.

NEGLIGENCE—*Crossing Railroad Tracks in Front of Motionless
Engine—Starting Engine without Signaling*. Where a team
while crossing a railroad track was frightened by the steam
from an approaching engine, in an action for resulting dam-
ages it was held (1) that it was not necessarily negligent for
the driver to attempt to cross in front of the engine, which
had been standing still for five minutes and the crew of which
gave no signal that it was about to be started, and (2) that
it was for the jury to say whether the starting of the engine
without such signal, after the driver was seen to be attempt-
ing to cross in front of it, was negligence on the part of the
railroad company.

Appeal from Miami district court. Opinion filed
July 9, 1910. Affirmed.

*John Madden*, and *W. W. Brown*, for the appellant.
*Frank M. Sheridan*, for the appellee.

*Per Curiam:* The plaintiff was injured by his horses
running away while he was driving across a railroad
track. He sued the railway company for damages and
recovered a judgment, from which the defendant ap-
peals. The only question presented is whether the
judgment is consistent with the special findings, which
showed these facts: The highway on which the plain-
tiff was traveling crossed several tracks near the depot.
As he approached the crossing from the west it was
blocked by a passenger train, and he stopped thirty or
forty feet from the first track. On the third track he
saw an engine standing still, headed to the north, about
seventy feet south of where the traveled part of the
highway crossed that track. The passenger train pulled
out, the engine on the third track remaining motionless,
and the plaintiff attempted to drive across the tracks.
About the time he got upon the first track, or immedi-

ately after, the engine started forward, emitting clouds of steam, which settled down toward the ground in the direction of the team, and, as they were crossing the third track, the engine being then about twenty or twenty-five feet away, frightened them so that they ran away. The fireman saw or could have seen the plaintiff as he was about to cross the first track, before the engine was started. The bell was not rung before starting. If it had been the plaintiff would not have attempted to cross. The engine had been standing still for at least five minutes before it was started across the street.

Under these circumstances it was for the jury to determine whether, inasmuch as the plaintiff started to cross the tracks while the engine was standing still, it was not the duty of the crew to wait until he had crossed before starting, and also whether it was not negligence on their part to start without some preliminary signal to warn the plaintiff that they were about to do so.

The plaintiff's conduct in starting to cross the tracks while the engine was standing near the crossing can not be regarded as necessarily constituting contributory negligence on his part, for he had no means of knowing when it would start. (*Railway Co. v. Dawson*, 64 Kan. 99; *Railway Co. v. Wilkie*, 77 Kan. 791; 33 Cyc. 1101, 1107, 1127; 11 L. R. A., n. s., 963, note.) If the plaintiff's horses had become frightened by the engine while still at rest an entirely different question would be presented.

The jury found that the emission of steam from the engine just as the plaintiff was crossing the track was needless, but not careless on the part of the engineer. Other findings show their meaning to be that the fault lay with the fireman, since he could have seen the plaintiff, while the engineer could not.

The judgment is affirmed.